EXHIBIT A

EFILED IN OFFICE
CLERK OF STATE COURT
CARROLL COUNTY, GEORGIA
STCV2024000118
J049
FEB 14, 2024 11:06 AM
Alan Lee, Clerk
Carroll County, Georgia

**IN THE STATE COURT OF CARROLL COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| SOCORRO TODOADA AND LIAM WELCH (MINOR), | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO.: |
| v. | * | |
| WALMART, INC., WALMART SUPERCENTER, AND JOHN DOE, | * | |
| Defendants. | * | |

**<u>COMPLAINT FOR DAMAGES</u>**

COMES NOW, SOCORRO TODOADA and LIAM WELCH, a minor, through his next of friend, SOCORRO TODOADA, hereinafter "Plaintiffs", by and through their undersigned counsel, file this Complaint for Damages against Defendants WALMART, INC., WALMART SUPERCENTER, AND JOHN DOE, and shows this Honorable Court as follows:

**<u>PARTIES, VENUE AND JURISDICTION</u>**

1.

Plaintiffs are residents of the State of Georgia and have been residents of the State of Georgia at all times relevant to this case.

2.

Defendant WALMART, INC. is a foreign profit corporation registered to do business and doing business in the state of Georgia and is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon this Defendant through its registered agent: The Corporation Company (FL) at 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040.

3.

Defendant WALMART SUPERCENTER, STORE# 722, is a domestic corporation registered to do business and doing business in the state of Georgia, and is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon this Defendant at 1735 US Hwy 27, Carrollton, Georgia 30117.

4.

Defendant JOHN DOE, is the unknown and unidentified store supervisor who may be partially responsible for Plaintiff's injuries and is subject to the jurisdiction and venue of this court. Plaintiff incorporates by reference all claims made in this complaint against any other Defendant and Defendant JOHN DOE. Any other Defendant and Defendant JOHN DOE will be named and served with the Summons and Complaint once their identities are revealed.

5.

Defendants are subject to the jurisdiction of this Court.

6.

This Court has jurisdiction over the subject matter of this action.

7.

Venue is proper in Carroll County, Georgia pursuant to the Constitution of Georgia (Ga. Const., Art. VI, § II, ¶ VI), because Defendants reside and operate a business in Carroll County, Georgia.

EXHIBIT A

## BACKGROUND

8.

On or about September 30, 2022, Socorro Tadoada was an invitee at Defendant, Walmart Supercenter Store# 722, located at 1735 US Hwy 27, Carrollton, Georgia, 30117.

9.

Defendants have ownership, possession, and control over the premises at all times relevant to this litigation.

10.

Plaintiff was occupying an open area permitted to patrons of the premises at all relevant times when Plaintiff slipped and fell on an unattended liquid substance and/or vomit.

11.

There were no cones or other warnings in the area indicating potentially hazardous conditions.

12.

As a result of Plaintiff SOCORRO TADOADA's fall, she suffered serious injuries and it is also known that this incident led to seriours and/or permanent injuries to her unborn child at the time, LIAM WELCH.

13.

Plaintiffs suffered severe pain and suffering as a result of the fall.

14.

Plaintiff SOCORRO TADOADA incurred medical expenses for treatment of her injuries in the amount of at least $286,916.71.

15.

Plaintiff LIAM WELCH incurred medical expenses for treatment of his injuries in the amount of at least $93,889.90.

16.

Plaintiff SOCORRO TADOADA will continue to suffer both general and special damages in the future, including expenses for future medical treatment and future pain and suffering, past and future wage loss, the exact amount to be proven at trial.

17.

Plaintiff LIAM WELCH will continue to suffer both general and special damages in the future, including expenses for future medical treatment and future pain and suffering, the exact amount to be proven at trial.

**COUNT I**
**NEGLIGENT MAINTENANCE OF PREMISES**

18.

Plaintiffs re-alleges and adopt all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

19.

Defendants had actual or constructive knowledge of the liquid substance creating a hazardos condition for patrons of Defendants premises, including Plaintiffs.

20.

Plaintiff, SOCORRO TADOADA had no knowledge of the hazardous condition of the floor, despite Plaintiff's exercise of ordinary care.

EXHIBIT A

21.

Defendants' knowledge of the hazardous condition of the premises was superior to that of Plaintiff SOCORRO TADOADA.

22.

Defendants owed a non-delegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiffs.

23.

Defendants were negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard substance from the floor, in failing to take adequate measures to protect invitees from hazards and other objects on the premises, and in failing to keep the premises safe for invitees.

24.

Defendants were negligent in failing to warn Plaintiffs of the hazardous condition of the premises.

25.

Defendants' negligence was the proximate cause of Plaintiffs' injuries.

**COUNT II**
**VICARIOUS LIABILITY**

26.

Plaintiffs re-allege and adopts all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

EXHIBIT A

27.

At all times relevant to this action, the individuals responsible for inspecting and maintaining the area where Plaintiff SOCORRO TADOADA fell, were employed by Defendants and were acting within the scope of their employment.

28.

Defendants are responsible for the conduct of these individuals under the doctrine of *respondeat superior*, vicarious liability, agency or apparent agency.

## COUNT III
## NEGLIGENT TRAINING & SUPERVISION

29.

Plaintiffs re-allege and adopt all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

30.

Defendants were negligent in failing to adopt appropriate policies and procedures to ensure that appropriate inspections and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting and maintaining the premises.

31.

Defendant Walmart Supercenter was negligent in training and supervising its staff.

32.

As a result of Defendants' negligence in training and supervising its employees, Plaintiffs were injured on the premises.

EXHIBIT A

## COUNT IV
## UNLIQUIDATED DAMAGES ACT

33.

Plaintiffs re-allege and adopt all allegations contained in the foregoing paragraphs as if set forth in their entirety herein.

34.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiffs unnecessary trouble and expense by forcing Plaintiffs to resort to the use of the court system in order to resolve this claim when there is no bona fide controversy. Accordingly, Plaintiffs seek attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11, O.C.G.A. § 9-15-14, and O.C.G.A. § 33-4-6.

35.

As a direct and proximate result of Defendants' negligence, Plaintiffs have incurred damages including but not limited to medical expenses for treatment of their injuries, pain, emotional distress, and general inconvenience.

36.

By engaging in the above-described conduct, Defendants acted in an intentional, malicious, fraudulent, willful, and wanton manner, evincing such an entire want of care as toraise the presumption of a conscious indifference to the consequences, and the conduct of these Defendants are so aggravating as to warrant, justify, and demand the imposition of punitive damages pursuant to O.C.G.A. §51-12-5.1 to penalize and punish Defendants for the misconduct and to deter Defendants from engaging in such aggravating conduct in the future. Plaintiffs hereby specifically plead for the imposition of punitive damages.

WHEREFORE, Plaintiffs prays for judgment against Defendants in the following particulars:

a) Plaintiff SOCORRO TADOADA be awarded general damages to fully compensate her for her pain and suffering, wage loss, and other human losses in an amount to be determined at trial;

b) Plaintiff LIAM WELCH be awarded general damages to fully compensate him for his pain and suffering and other human losses in an amount to be determined at trial;

c) Plaintiff SOCORRO TADOADA be awarded special damages in an amount of at least $286,916.71 the exact amount to be proven at trial to fully compensate her for her medical bills;

d) Plaintiff LIAM WELCH be awarded special damages in an amount of at least $93,889.90 the exact amount to be proven at trial to fully compensate him for his medical bills;

e) Plaintiffs be awarded special damages in an exact amount to be proven at trial to fully compensate them for future medical expenses;

f) Plaintiffs be awarded general damages to fully compensate them for their pain and suffering and other human losses in an amount to be determined at trial;

g) Plaintiffs be awarded attorney fees and other expenses of litigation pursuant to O.C.G.A. § 13-6-11;

h) Plaintiffs be awarded attorney fees and expenses of litigation as Defendants have acted in bad faith, in violation of O.C.G.A. § 9-15-14 and O.C.G.A. § 33-4-6.

i) Plaintiffs be awarded punitive damages pursuant to O.C.G.A. §51-12-5.1;

j) Plaintiffs be granted a jury panel of twelve (12) from which to select a jury of six pursuant to O.C.G.A § 15-12-122;

k) Process be issued requiring the Defendants to answer according to law; and

l) Plaintiffs be granted such further and other relief as is just and proper.

Respectfully submitted this 14th day of February, 2024.

**BADER SCOTT INJURY LAWYERS**

**Jason Cummock**
Georgia Bar # 161153
**Shanti Nagrani**
Georgia Bar # 362653
*Attorneys for Plaintiffs*

**BADER SCOTT INJURY LAWYERS**
3384 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326
Phone: 404 888-8888
Fax: 404 953-7744
jasoncummock@baderscott.com

EXHIBIT A

EFILED IN OFFICE
CLERK OF STATE COURT
CARROLL COUNTY, GEORGIA
STCV2024000118
J049
FEB 14, 2024 11:06 AM
Alan Lee, Clerk
Carroll County, Georgia

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of Carroll County

**For Clerk Use Only**

**Date Filed** 02-14-2024
MM-DD-YYYY

**Case Number** STCV2024000118

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| Welch (Minor), Liam | Walmart, Inc. |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| Todoada, Socorro | Walmart Supercenter, Store# 722 |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | John, Doe |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |
| | |
| Last First Middle I. Suffix Prefix | Last First Middle I. Suffix Prefix |

**Plaintiff's Attorney** Bader, Seth **Bar Number** 333165 **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_______________ Case Number _______________ Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_______________ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

EXHIBIT A

EFILED IN OFFICE
CLERK OF STATE COURT
CARROLL COUNTY, GEORGIA
STCV2024000118
J049
FEB 14, 2024 11:06 AM
Alan Lee, Clerk
Carroll County, Georgia

IN THE STATE COURT OF CARROLL COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SOCORRO TODOADA AND LIAM WELCH (MINOR), | * | |
| Plaintiff, | * | CIVIL ACTION FILE NO.: |
| v. | * | |
| WALMART, INC., WALMART SUPERCENTER, AND JOHN DOE, | * | |
| Defendants. | * | |

**PLAINTIFF'S FIRST REQUEST OF INTERROGATORIES TO DEFENDANTS WALMART, INC. WALMART SUPERCENTER AND JOHN DOE**

COMES NOW, SOCORRO TODOADA and LIAM WELCH, a minor, through his next of friend, SOCORRO TODOADA, hereinafter "Plaintiffs" in the above-styled action, by and through their undersigned counsel, pursuant to § 33 of the Georgia Civil Practice Act (O.C.G.A. § 9-11-33), and requests WALMART, INC., WALMART SUPERCENTER, AND JOHN DOE ("Defendants") to respond to the following Interrogatories forthe purpose of this action.

NOTE A: As used herein, the term "you" and "your," is intended to, embrace and include Defendant, and all attorneys, agents, servants, employees, representatives, and private investigators of or employed by Defendant, and all others who are in possession of or who may have obtained information for or on behalf of Defendant.

NOTE B: These Interrogatories are deemed continuing to the extent permitted by O.C.G.A. § 9-11-26(e), so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial.

NOTE C: As used in these Interrogatories, the term "document" is intended to, embrace and include everything, whether tangible or not, which is included in the definition of "document"

EXHIBIT A

as that term is used in O.C.G.A. § 9-11-34.

NOTE D: As used in these Interrogatories, the term "tangible thing" is intended to, embraces and includes everything which is included in the definition of "tangible things" as that term is used in O.C.G.A. § 9-11-34.

NOTE E: As used herein, the term "person" is intended to, embraces and includes all natural persons and any type of entity whatsoever, including, but not limited to, partnerships, associations, corporations, government agencies, and government departments.

NOTE F: As used herein, the term "writing" is intended to, embrace and include everything, whether tangible or not, by whomever produced or reproduced, now or at any time in your possession, custody or control, including, but not limited to, all letters, telephone records and notations, minutes, bulletins, instructions, advertisements, literature, reports, published opinions, treatises, text books, memoranda, notes, notebooks, work sheets, drawings, agreements, memoranda of conversations, recordings, photographs, diaries or other written, recorded graphic matters and all records of information or communication of whatsoever type or nature which is included in the definition of O.C.G.A. § 9-11-34, including copies or reproductions of all the foregoing items upon which notations or writings have been made which do not appear on the originals.

NOTE G: When asked in the Interrogatories for the "identification" of any document or tangible thing, give the following information:

(a) description of the item;

(b) nature of the item;

(c) date and place the item was made, executed, taken, etc.;

(d) identity of the individual who took the item;

(e) general summary of the contents of the item, if applicable;

(f) how many and what kind of copies, reproductions or other facsimiles thereare of the item;

(g) condition of the item; and

(h) identity of the person or persons who presently have custody of the item or any copy, reproduction, or facsimile thereof.

NOTE H: When asked in the Interrogatories for the "identification" of any natural person or legal entity, give the following information:

(a) full name of the person or entity;

(b) job title;

(c) present employer;

(d) present or last known residence or business address; and

(e) present or last known telephone numbers.

NOTE I: If the Interrogatories are objected to on the ground of privilege or otherwise, set forth fully each such objection and the facts upon which Defendants relied as the basis for each objection.

## INTERROGATORIES

1. What is the identification, including the full name, current address, and telephone number, for the individuals answering and assisting in answering these interrogatories on the behalf of Defendants?

2. What is the identification, including full name, address, and telephone number, for each individual you expect to call as an expert witness at the trial of this case, the subject matter concerning which the expert is expected to testify, and the substance ofthe facts and opinions to which the expert is expected to testify along with a summaryof the grounds for each opinion?

3. Do you have a copy of any statement previously made by Plaintiff, Socorro Todoada, concerning the action or its subject matter and that is in your possession, custody, or control (for the purpose of this question, a statement previously made is a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical, or other recording, or a transcription that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded)?

4. What are the contents, complete and full, and identification, of all representations, statements, declarations or admissions made by the Plaintiff, Socorro Todoada, or any agents, servants or employees of the Plaintiffs which you might attempt to make known to the judge or jury in the trial of this lawsuit?

5. In your own words, how did the incident which forms the basis of this complaint occurand, state specifically and in detail, what is your claim or contention regarding any cause or contributing cause of the incident, including, in detail, the basis for your contention including all facts or information upon which this contention is based?

6. Have you within your possession or control photographs, plats, diagrams or videos ofthe scene of the incident which forms the basis of this complaint, documents, writings, or tangible things connected with said incident, and what is the identification for those objects?

7. Have you conducted any test, experiment, or accident recreation/reconstruction from which, or the results of which, you will attempt to introduce into evidence in a trial ofthis case?

EXHIBIT A

8. What are the details of any conversations you have had with the Plaintiff, Socorro Todoada or Plaintiffs' representative following the incident in question?

9. What is the identification for each and every person known to you to have seen, heard, or possess any knowledge whatsoever about the alleged occurrence?

10. For each such person identified in the preceding Interrogatory, please state:

(A) The location where each witness was at the time he or she saw, heard, or learned about the alleged occurrence;

(B) The substance of all information or knowledge about the alleged occurrence known to each such person;

(C) Whether or not each such person gave any statement or account, either orally or in writing, of his or her knowledge of the alleged occurrence, and if so, give the substance of same.

11. Do you own, manage or control the property in question located at 1735 US Hwy 27, Carrollton, Georgia 30117? If so, describe the nature of your ownership, management or control.

12. Describe all actions taken by you to prevent the incident that is the subject of this complaint. Please include a detailed description of each safety precaution taken by you to prevent this incident from occurring.

13. Have you ever been a party, either as a plaintiff or defendant in a lawsuit involving a slip and fall other than the present matter, and, if so, state whether you were a plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

14. Have you taken any steps or measures since the incident to increase the safety and security of customers visiting WALMART SUPERCENTER, STORE# 722, , located at 1735 US Hwy 27, Carrollton, Georgia 30117? If yes, please provide the following information:

a) The nature of each such measure

b) The date the measure was taken, implemented or installed

c) The reason or purpose for instituting the measure.

15. Have there been any previous or subsequent falls at WALMART SUPERCENTER, STORE# 722? If your answer, is yes, please describe each of them in detail, including the identification for the person(s) who alleged injury, the date of the incident, if any claims or lawsuits were filed, where they were filed, and the outcome of each claim or suit.

16. What procedures did you follow, at and six (6) months before the time of the occurrence, concerning the inspection of the customer accessible portions of the store in question for hazardous conditions and for resolving these conditions?

17. What is the identification of any person, including but not limited to the manager(s), supervisor(s), or employee(s) responsible for drafting any incident report, taking any photographs or retrieving any information about the incident occurring on September 30, 2022?

18. What is the identification of any person, including but not limited to the manager(s), supervisor(s) or employee(s) responsible for making sure this facility adheres to all safety precautions?

19. What is the identification of any person, including but not limited to the manager(s), supervisor(s) or employee(s) responsible for making sure this facility adhered to all safety precautions on September 30, 2022?

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO WALMART, INC. WALMART SUPERCENTER AND JOHN DOE**

COMES NOW, SOCORRO TODOADA AND LIAM WELCH, a minor, through his next of friend, SOCORRO TODOADA, hereinafter "Plaintiffs" to make the following Request

EXHIBIT A

forAdmissions for the purpose of this action only pursuant to § 36 of the Georgia Civil PracticeAct (O.C.G.A. 9-11-36):

NOTE A: Unless specified otherwise, as used herein, the term "**you**" and "**your,**" is intended to and shall embrace and include WALMART, INC, WALMART SUPERCENTER AND JOHN DOE ("Defendants"), and all attorneys, agents, servants, employees, representatives, and private investigators of or employed by defendant(s), and all others who are in possession of or who may have obtained informationfor or on behalf of defendant(s).

NOTE B: This Request for Admissions shall be deemed continuing so as to require supplemental responses if you or your attorneys obtain further information between thetime the responses are served and the time of trial.

NOTE C: As used herein, the term "person" is intended to and shall embrace and include all natural persons in any type of entity whatsoever, including, but not limited to, partnerships, associations, corporations, government agencies, and government departments.

NOTE D: If any Request for Admission is objected to on the ground of privilege or otherwise, set forth fully each such objection and the facts upon which defendant(s) reliedas the basis for each objection.

**ADMISSIONS REQUESTED**

1. Do you admit or deny that the names, as set forth in the Complaint, are the correct names of the Defendants?

2. Do you admit or deny that Plaintiff was an invitee at the Walmart Supercenter, Store# 722 located at 1735 US Hwy 27, Carrollton, Georgia 30117?

3. Do you admit or deny that the incident complained of in Plaintiffs' Complaint occurred in the State of Georgia?

EXHIBIT A

4. Do you admit or deny that the incident occurred at Walmart Supercenter, Store# 722 located at 1735 US Hwy 27, Carrollton, Georgia 30117?

5. Do you admit or deny that Defendant Walmart, Inc. owned and or operated the Walmart Supercenter, Store# 722, located at 1735 US Hwy 27, Carrollton, Georgia 30117?

6. Do you admit or deny that Defendant Walmart, Inc. had under its control Walmart Supercenter, Store# 722, located at 1735 US Hwy 27, Carrollton, Georgia 30117?

7. Do you admit or deny that Defendants failed to properly maintain the floors of Walmart Supercenter, Store# 722, located at 1735 US Hwy 27, Carrollton, Georgia 30117?

8. Do you admit or deny that Defendants knew there were hazardous conditions at Walmart Supercenter, Store# 722, located at 1735 US Hwy 27, Carrollton, Georgia 30117?

9. Do you admit or deny Defendants should have known there was an unknown substance on the floors at the Walmart Supercenter, Store# 722, located at 1735 US Hwy 27, Carrollton, Georgia 30117?

10. Do you admit or deny that Defendants had a duty to Plaintiffs to properly maintain the floors of Walmart Supercenter, Store# 722, located at 1735 US Hwy 27, Carrollton, Georgia 30117?

11. Do you admit or deny that Defendans breached their duty to Plaintiffs by failing to properly maintain the floors of the property?

12. Do you admit or deny that at the time and on the occasion of the incident in question Defendants breach of their duty owed to Plaintiffs was the actual cause of Plaintiffs' injuries?

13. Do you admit or deny that at the time and on the occasion of the incident in question Defendants breach of their duty owed to Plaintiffs was the proximate cause of Plaintiffs' injuries?

14. Do you admit or deny that the slipping over the liquid concurred with Defendants' employees' negligence in causing the incident?

15. Do you admit or deny that the slipping over the liquid concurred with Defendants' employees' negligence to proximately cause the incident?

16. Do you admit or deny that at the time and on the occasion in question, the actor whose omission that caused Plaintiffs' injuries was an employee of Walmart Supercenter, Store# 722?

17. Do you admit or deny that at the time and on the occasion in question, the actor whose omission that caused Plaintiffs' injuries was acting within the scope of his/heremployment and on the business of Walmart Supercenter, Store# 722?

18. Do you admit or deny that Walmart Supercenter, Store# 722, breached its duty byhiring and retaining said employee?

19. Do you admit or deny that Walmart Supercenter, Store# 722, had a duty to properly train said employee to maintain the premise by making sure carpet mats were kept in good condition?

20. Do you admit or deny that Walmart Supercenter, Store# 722, did not properly trainsaid employee to maintain the premises by making sure the floors were kept in good condition?

21. Do you admit or deny that Walmart Supercenter, Store# 722, did not properly prepare/train said employee to place warning signs or posting when there are hazardous conditions on the floors?

22. Do you admit or deny that Walmart Supercenter, Store# 722, breach of its duty toexercise ordinary care in the hiring and retention of Defendants' employees was theproximate and actual cause of Plaintiffs' injuries?

23. Do you admit or deny that Walmart Supercenter, Store# 722, is vicariously liablefor the negligence of Defendants' employees?

EXHIBIT A

24. Do you admit or deny that Plaintiffs did not contribute to the cause of said fall on September 30, 2022?

25. Do you admit or deny that no other entity besides Defendants' employees, contributed to the cause of the said incident on September 30, 2022?

26. Do you admit or deny that injury can occur as a result of slipping and falling?

27. Do you admit or deny that as a result of the incident in question, Plaintiffs were injured?

28. Do you admit or deny that as a result of the incident in question Plaintiff required necessary medical treatment?

29. Do you admit or deny that the medical records reflect treatments rendered?

30. Do you admit or deny that as a result of the incident in question Plaintiff, Socorro Todoada has past medical damages of at least $286,916.71?

31. Do you admit or deny that as a result of the incident in question Plaintiff, Liam Welch (Minor) has past medical damages of at least $133,031.08?s

32. Do you admit or deny that Plaintiffs continue to have pain, weakness, loss of function and loss of endurance as a result of the injuries they received as a result of the incident, complained of in Plaintiffs' Complaint?

33. Do you admit or deny that you are liable to Plaintiff, Socorro Todoada for past medical damages totalingat least $286,916.71?

34. Do you admit or deny that you are liable to Plaintiff, Liam Welch (Minor) for past medical damages totalingat least $133,031.08?

35. Do you admit or deny that you are liable to Plaintiffs for general damages for their pain and suffering?

36. Do you admit or deny that you have forced Plaintiffs to sue where no bona fide

EXHIBIT A

controversy exists?

37. Do you admit or deny that you have caused Plaintiffs unnecessary delay, trouble, and expense in attempting to recover their damages?

38. Do you admit or deny that Defendants' employee or employees were under the influence of alcohol, drugs or other medication at the time of the incident?

39. Do you admit or deny that the Defendants had superior knowledge to the Plaintiff, Socorro Todoada, of the hazardous condition in their store?

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS WALMART SUPERCENTER, STORE# 722, , INC. AND OLLIE'S BARGAIN OULET**

COMES NOW, SOCORRO TODOADA AND LIAM WELCH, a minor, through his next of friend, Socorro Todoada, hereinafter "plaintiffs", pursuant to § 34 of the Georgia Civil Practice Act (O.C.G.A. 9-11-34), and serves upon WALMART, INC., AND WALMART SUPERCENTER, STORE# 722, AND JOHN DOE ("Defendants") the following request for productionof documents. Defendants are requested to produce the documents and photographs hereinafter set forth at 10:00 a.m. on the forty-fifth (45th) day after service of this request at the offices of the undersigned where facilities are available for proper copying. Defendant is also required to make a written response to this Request pursuant to O.C.G.A.

§ 9-11-34. Defendants are required to produce and to permit Plaintiffs to inspect and to copy each of the following documents and records:

NOTE A: As used herein, the term "you" and "your," is intended to and shall embrace and include any and all Defendants, and all attorneys, agents, servants, employees, representatives, and private investigators of or employed by Defendants, and all others whoare in possession of or who may have obtained information for or on behalf of Defendants.

NOTE B: This Request for Production of Documents shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the responses are served and the time of trial.

NOTE C: As used in this Request for Production of Documents, the term "document" is intended to and shall embrace and include everything, whether tangible or not, which is included in the definition of "document" as that term is used in O.C.G.A. § 9-11-34.

NOTE D: As used in this Request for Production of Documents, the term "tangible thing" is intended to and shall embrace and include everything which is included in the definition of "tangible things" as that term is used in O.C.G.A. § 9-11-34.

NOTE E: As used herein, the term "person" is intended to and shall embrace and include all natural persons in any type of entity whatsoever, including, but not limited to, partnerships, associations, corporations, government agencies, and government departments.

NOTE F: As used herein, the term "writing" is intended to and shall embrace and include everything, whether tangible or not, by whomever produced or reproduced now or anytime in your possession, custody or control, including, but not limited to, all letters, telephone records and notations, minutes, bulletins, instructions, advertisements, literature, reports, published opinions, treatises, text books, memoranda, notes, notebooks, work sheets, drawings, agreements, memoranda of conversations, recordings, photographs, diaries or other written, recorded graphic matters and all records of information or communication of whatsoever type or nature which is included in the definition of O.C.G.A. § 9-11-34, including copies or reproductions of all the foregoing items upon which notations or writings have been made which do not appear on the originals.

NOTE G: If these Request for Production of Documents are objected to on the ground of

EXHIBIT A

privilege or otherwise, set forth fully each such objection and the facts upon which Defendant relies as the basis for each objection.

**DOCUMENTS REQUESTED**

1. Copies of all documents, writings and tangible things referred to or identified in any of your Answers to the Interrogatories.

2. Copies of each and every document or writing or tangible things of any kind relating to this case, from every expert witness you may call at trial, including allmaterials in such file(s), such as, but not limited to, reports, correspondence, writings, photographs, log entries, e-mails, notes, internal memos, post-its, evaluations, diagrams, and investigations.

3. Copies of each and every document, writing or tangible thing of any kind relatingto this case, including all materials in such file(s), such as, but not limited to, reports, correspondence, writings, photographs, log entries, e-mails, notes, internal memos, post-its, evaluations, diagrams, and investigations.

4. All reports, memoranda, forms, investigative materials, including but not limited to surveillance, whether video or audio, bills, records, logs, memos either requesting or generating acts of surveillance, or other documents which are in yourpossession and relate, in whole or in part, to any aspect of the incident on September 30, 2022.

5. Copies of all invoices, receipts, estimates, repairs, documents, writings, notes, memos, investigations, correspondence or documents of any kind regarding repairs or replacement or improvements or maintenance of the interior floors of the store in question from September 30, 2022 until the present.

6. A copy of your lease or title to the property located at 1735 US Hwy 27, Carrollton, Georgia 30117?

7. Any and all names, addresses and telephone numbers of any and all experts you have employed or consulted or are employing or consulting on any subject related to this incident, together with any and all reports that have been obtained from anyexpert. If a report has not been prepared, the preparation of a report is requested.

8. Any and all expert's reports which have been prepared in connection with this lawsuit or the incident giving rise to this lawsuit, if the expert is expected to or may testify in this case as an expert.

9. Any and all expert reports that were or will be relied upon in whole or in part by any testifying expert in this case.

10. Any and all expert reports or things that were or will be reviewed by a testifying expert in this case.

11. Any and all work papers, notes and documents in the file of any expert witness who may testify, or in the file of any expert witness who has written a report whichis or will be relied upon in whole or in part by a testifying expert.

12. All documents or tangible things prepared by any expert whom you expect to callas a witness, including but not limited to those which would include his/her report, factual observations, opinions, conclusions, photographs, field notes, calculations, models and exhibits.

13. Any treaties or authoritative literatures which any expert intends to rely on for his testimony in this case.

14. A curriculum vitae or resume for each individual whom you may call as an expertwitness at the trial of this case.

15. Any police report or other report of investigation of any governmental agency or private organization relating to the occurrence in question.

16. Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgmentthat may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering the said property at the time in question.

17. Copies of any and all statements previously made by the Plaintiffs concerning the subject matter of this lawsuit, including any written statement signed or otherwiseadopted or approved by the Plaintiff, Socorro Todoada, and any stenographic, mechanical, electrical, or other type of recording or any transcription thereof made by Plaintiff about thislawsuit and contemporaneously recorded.

18. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to, or similar to the incident that is the basis of this lawsuit.

19. Any and all drawings, maps, or sketches of the scene of the incident which is the basis of this lawsuit.

20. Any and all books, documents, photographs, or other tangible things which may be used at the time of trial, or which may have a bearing on this cause of action.

21. Any documents, photographs, or other physical evidence which will be used or offered at trial.

22. A copy of any surveillance movies, photos, etc. of the interior of the property in question as it appeared on September 30, 2022.

23. Copies of any document or statement which any witnesses for Defendants will use or which you anticipate may be used to refresh his, her or their memory, either for deposition or

trial.

24. Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you intend to offer into evidence at the trial of this case.

25. Any and all documents and tangible things whose production has not been requested pursuant to any other item of this request which you do not intend to offer into evidence at the trial of this case but which may be used as demonstrativeevidence at trial.

26. Any and all representations, statements, declarations or admissions made by Plaintiff, Socorro Todoada, or any agents, servants or employees of the Plaintiffs which you might attempt to make known to the judge or jury in the trial of this lawsuit.

27. A copy of all manuals and instructional materials for training employees of the store in question with regard to the monitoring and cleanup of the interior areas ofthe store in question for condition of carpet mats or other hazardous conditions on the floors.

Respectfully submitted this 14th day of February, 2024.

**BADER SCOTT INJURY LAWYERS**

**Jason Cummock**
Georgia Bar # 161153
**Shanti Nagrani**
Georgia Bar # 362653
*Attorneys for Plaintiffs*

**BADER SCOTT INJURY LAWYERS**
3384 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326
Phone: 404 888-8888
Fax: 404 953-7744
jasoncummock@baderscott.com

EXHIBIT A

**IN THE STATE COURT OF CARROLL COUNTY**
**STATE OF GEORGIA**

SOCORRO TODOADA AND LIAM WELCH (MINOR),

Plaintiff,

v.

WALMART, INC., WALMART SUPERCENTER, AND JOHN DOE,

Defendants.

CIVIL ACTION FILE NO.:

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I have served a true and correct copy of the following by way of process server:

- PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS,
- PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS,
- PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS.

Respectfully submitted this 14th day of February, 2024.

**BADER SCOTT INJURY LAWYERS**

**Jason Cummock**
Georgia Bar # 161153
**Shanti Nagrani**
Georgia Bar # 362653
*Attorneys for Plaintiffs*

**BADER SCOTT INJURY LAWYERS**
3384 Peachtree Road, N.E.
Suite 500
Atlanta, GA 30326
Phone: 404.888.8888
Fax: 404.953.7744
jasoncummock@baderscott.com

EXHIBIT A

EFILED IN OFFICE
CLERK OF STATE COURT
CARROLL COUNTY, GEORGIA
**STCV2024000118**
**J049**
**MAR 06, 2024 02:14 PM**
Alan Lee, Clerk
Carroll County, Georgia

IN THE STATE COURT OF CARROLL COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **Socorro Todoada, et al** <br> Plaintiff/Petitioner <br> vs. <br> **Walmart Inc., et al** <br> Defendant/Respondent | Case No.: **STCV2024000118** <br> AFFIDAVIT OF SERVICE OF <br> **Summons; Complaint; Case Filing Information Form; Plaintiff's First Request of Interrogatories to Defendants** |

Received by **Jack Williams**, on the **27th day of February, 2024 at 7:16 AM** to be served upon **Walmart Inc. c/o The Corporation Co.** at **106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County, GA 30040-2794**.
On the **28th day of February, 2024 at 10:32 AM**, I, **Jack Williams**, **SERVED Walmart Inc. c/o The Corporation Co.** at **106 Colony Park Drive, Suite 800-B, Cumming, Forsyth County, GA 30040-2794** in the manner indicated below:

**CORPORATE SERVICE**, by personally delivering **1** copy(ies) of the above listed documents to the named Corporation, by serving **The Corporation Co.**, on behalf of said Corporation.
THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**I delivered the documents to The Corporation Co. with identity confirmed by subject reaching for docs when named. The individual accepted service with direct delivery. The individual appeared to be a dyed-haired black male contact 35-45 years of age, 5'8"-5'10" tall and weighing 180-200 lbs with piercings.**

Service Fee Total: **$77.91**

Per 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

NAME: ______________________ N/A ______________ 3/4/24
Jack Williams Server ID # Date

Notary Public: Subscribed and sworn before me on this 04 day of MARCH in the year of 2024
Personally known to me ______ or ✓ identified by the following document: GADL

______________________
Notary Public (Legal Signature)

RISHABH PATEL
MY COMM. EXPIRES
NOTARY PUBLIC
01/04/2027
FULTON COUNTY, GEORGIA

**AFFIDAVIT OF PROCESS SERVER**

I, the undersigned, Jack Williams, being dully sworn, deposes and states:

1) That I am a professional process server, a U.S. Citizen over the age of 18, and meet all of the requirements for appointment as a process server in the state of Georgia.

2) That I am a wholly disinterested party and I neither have any relationship with, nor am I employed by, any of the parties to this action and in no way can benefit from its outcome.

FURTHER AFFIANT SAYETH NAUGHT

DocuSigned by:
9DB7E540FDB6432...

signature

Jack Williams

print name

Jack Williams

address line 1

5660 Timson Lane

City, State, Zip

John's Creek, GA 30022

phone

408-202-8353

server email address